UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------
KHADIJAH TRIGGS-GOMEZ, individually and
as Administrator of the Estate of
ANTHONY GOMEZ, deceased,

                        Plaintiff(s),

    -against-                                 COMPLAINT

THE UNITED STATES OF AMERICA,

                        Defendant.
----------------------------------------------

        Plaintiffs, by their attorneys, THE COCHRAN FIRM PAUL B. WEITZ & ASSOCIATES, P.C., as and for a Complaint herein, respectfully set forth and allege:

                  AS AND FOR A FIRST CAUSE OF ACTION:

        1. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, was and still is a corporation, agency, sovereign and body politic, and that the U.S. Department of Health and Human Services is a constituent department or body of the UNITED STATES OF AMERICA, and that the said U.S. Department of Health and Human Services is under the direction and control of the defendant THE UNITED STATES OF AMERICA.

        2. That on November 2, 2017, the plaintiff did file with the aforesaid U.S. Department of Health and Human Services an SF-95 claim for personal injury and wrongful death of the decedent, and loss of services by the plaintiff, and pecuniary

{00066929.}

losses by his Estate, caused by the negligence, wrongful acts and/or omissions of the employees of the Government while acting within the course and scope of their authority, and said Federal agency did finally deny said claim by letter dated February 26, 2018.

   3. That this claim is brought under and by virtue of the Federal Tort Claims Act, US Code Annotated Judiciary and Judicial Procedure, 28 US Code, and other applicable statutes and precedents.

   4. That the matter in controversy, exclusive of interest and costs, exceeds the sum of $100,000.00.

   5. That by reason of the foregoing, this Court has jurisdiction over this matter.

   6. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, owned a Federally Qualified Community Health Center and/or facility known as The Institute for Family Health, located at 1824 Madison Avenue, in the County of New York, City and State of New York, and said facility was and is a Deemed Facility under the Federal Tort Claims Act (FTCA).

   7. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, operated said health center and/or facility known as The Institute for Family Health, located at 1824 Madison Avenue, in the County of New York, City and State

{00066929;}

of New York.

8. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, maintained said health center and/or facility known as The Institute for Family Health, located at 1824 Madison Avenue, in the County of New York, City and State of New York.

9. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, managed said health center and/or facility known as The Institute for Family Health, located at 1824 Madison Avenue, in the County of New York, City and State of New York.

10. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, controlled said health center and/or facility known as The Institute for Family Health, located at 1824 Madison Avenue, in the County of New York, City and State of New York.

11. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, represented that said health center and/or facility known as The Institute for Family Health, was duly qualified and capable of rendering competent medical care, treatment, diagnosis, surgery and radiological imaging to the general public, including the decedent herein.

12. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, its servants, agents and/or

employees furnished and/or provided doctors, nurses and other medical personnel at the said health center and/or facility known as The Institute for Family Health, to afford medical, surgical and radiological imaging and treatment to the general public, including the decedent herein.

    13. That at all times herein mentioned, the defendant, THE UNITED STATES OF AMERICA, did agree to and did hold itself out as maintaining at the said health center and/or facility known as The Institute for Family Health, an adequate and competent staff, including doctors and other medical personnel, and further warranted that the members of its said staff were qualified and trained for the purpose of providing such medical, surgical, radiological imaging, testing, diagnosis, treatment, management and attention as they would be required to provide in accordance with the accepted standards of medical practice to persons seeking and requiring such medical and diagnostic care and attention, including this decedent, and said defendant further held itself out as being equipped in sufficient manner to render such care and treatment at its said medical center and/or facility.

    14. That commencing in/or about January 2013 and during a continuous course of treatment through July 2017, the decedent, ANTHONY GOMEZ, engaged the services of the defendant, THE UNITED STATES OF AMERICA, its servants, agents and/or

employees at the said Institute for Family Health, in connection with certain medical, testing, evaluation, diagnosis, advice, referral, treatment and management to be rendered to the decedent by the said defendant, its servants, agents, affiliated physicians and/or employees at the said medical center and/or facility.

15. That commencing in/or about January 2013 and during a continuous course of treatment through July 2017, the decedent, ANTHONY GOMEZ, engaged the services of the defendant, THE UNITED STATES OF AMERICA, its servants, agents and/or employees at the said Institute for Family Health, in connection with certain medical care, testing, evaluation, diagnosis, advice, referral, treatment and management to be rendered to the decedent by the said defendant, its servants, agents, affiliated physicians and/or employees at the said medical centers and/or facilities, relative to the decedent's complaints and symptoms of a cough and history of smoking.

16. That commencing in/or about January 2013, and for a period of time prior and subsequent thereto until July 2017, the defendant, THE UNITED STATES OF AMERICA, its servants, agents and/or employees at the said medical center and/or facility did undertake the treatment of the decedent providing the decedent with medical care, testing, evaluation, diagnosis, advice, referral, treatment and management and accepted the

{00066929;}

decedent as a patient to the said medical center and/or facility relative to decedent's complaints and symptoms of a cough and history of smoking.

17. That the defendant, THE UNITED STATES OF AMERICA, its servants, agents and/or employees at the said medical center and/or facility did undertake to diagnose and treat the decedent.

18. That in/or about July 2017, the decedent was diagnosed by New York University Medical Center to be suffering from Metastatic Lung Cancer.

19. That in/or about July 2017, following a prolonged course of continuous treatment by the defendant herein, the decedent was diagnosed by New York University Medical Center, to be suffering from Metastatic Lung Cancer.

20. That the foregoing treatment of the decedent by the defendant, THE UNITED STATES OF AMERICA, was performed in a careless and negligent manner and not in accordance with the good and accepted standards of medical and radiological imaging care and practice including the failure to perform lung cancer screening and imaging, thereby causing the decedent to sustain severe injuries and damages.

21. That the foregoing injuries and damages to the decedent were caused solely by virtue of the carelessness, negligence and malpractice on the part of the defendant, THE

{00066929;}

UNITED STATES OF AMERICA, its servants, agents and/or employees, and without any negligence on the part of the decedent contributing thereto.

22. That by reason of the foregoing, the decedent sustained serious personal injuries and other medical conditions which resulted in severe and excruciating conscious pain, suffering and fear of impending death from the time of the commencement of the medical malpractice herein, up to the moment of decedent's wrongful death which resulted from the injuries sustained by reason of the negligence and malpractice of the defendant.

23. That the foregoing personal injuries and the severe conscious pain and suffering up to the moment of decedent's wrongful death, were caused solely by reason of the carelessness, negligence and malpractice on the part of the defendant, and without any negligence on the part of the decedent contributing thereto.

24. That heretofore, and prior to the commencement of this action, the plaintiff KHADIJAH TRIGGS-GOMEZ was appointed Administrator of the Estate of ANTHONY GOMEZ, Deceased, by Order of the Surrogate of New York County dated May 25th, 2018, and said plaintiff has been duly qualified and is currently acting in such capacity.

25. That all conditions and requirements precedent to

{00066929:}

the commencement of this action have been complied with.

26. That this action falls within one or more of the exceptions set forth in CPLR 1602.

27. Pursuant to CPLR Section 1602(2)(iv), defendant is jointly and severally liable for all of plaintiff's and decedent's damages herein, including but not limited to plaintiff's and/or decedent's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendant owed the decedent a non-delegable duty of care.

28. Pursuant to CPLR Section 1602(2)(iv), the defendant is jointly and severally liable for all of plaintiff's and/or decedent's damages, including but not limited to plaintiff's and/or decedent's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said defendant is vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to the plaintiff's and/or decedent's damages.

29. That by reason of the foregoing, the plaintiff, KHADIJAH TRIGGS-GOMEZ, individually and as Administrator of the Estate of ANTHONY GOMEZ, Deceased, has sustained severe damages in an amount sought which is in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

AS AND FOR A SECOND CAUSE OF ACTION:

30. Plaintiff repeats, reiterates and realleges each and every allegation as contained in the First Cause of Action of the within Complaint with the same force and effect as though each were more fully set forth at length herein.

31. That as a result of the injuries sustained by the decedent as a result of the negligence and malpractice of the defendant, the decedent was caused to suffer a wrongful death on October 10, 2017.

32. That as a result of the wrongful death of the decedent, the distributees of the decedent have been permanently and totally deprived of the usual, anticipated and potential services, support, aid, maintenance and contribution of the said decedent, and were obliged to incur punitive losses, funeral and other expenses, and were severely damaged.

33. That by reason of the foregoing, the plaintiff, KHADIJAH TRIGGS-GOMEZ, individually and as Administrator of the Estate of Decedent ANTHONY GOMEZ, and on behalf of the distributees of the said decedent, has suffered severe damages in an amount which is in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

AS AND FOR A THIRD CAUSE OF ACTION:

34. That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First and Second Causes of Action of the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

35. That at all times herein mentioned, this plaintiff was the lawful wife of the decedent ANTHONY GOMEZ, and as such is entitled to the services, society, companionship and consortium of the said decedent.

36. That as a result of the foregoing and the resulting injuries and wrongful death of the decedent, this plaintiff is permanently deprived of the usual, anticipated and/or potential services, society, love, affection, companionship, contribution and consortium of said decedent.

37. That by reason of the foregoing this plaintiff has been damaged in amount sought which is in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

WHEREFORE, plaintiff demands judgment against the defendant herein, the amount sought on each Cause of Action being in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an

{00066929;}

amount to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this occurrence.

Dated: New York, New York
       July 16, 2018

                          Yours, etc.,
                          THE COCHRAN FIRM
                          PAUL B. WEITZ & ASSOCIATES, P.C.
                          Attorneys for Plaintiff(s)

                          _____
                          MICHAEL FISCHBEIN, ESQ.
                          55 Broadway; 23rd Floor
                          New York, New York 10006
                          (212) 346-0045

{00066929:}

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK          )
                           )   ss.:
COUNTY OF NEW YORK         )

Michael A. Fischbein, ESQ., being duly sworn, deposes and says:

That I am an attorney admitted to practice in the Courts of the State of New York, and a Partner with THE COCHRAN FIRM PAUL B. WEITZ & ASSOCIATES, P.C. attorneys for the plaintiff.

I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

The reason I make this verification instead of plaintiffs, is that the plaintiffs are presently out of the County of New York, wherein I maintain my offices.

I affirm that the foregoing statements are true under the penalties of perjury.

Dated:   New York, New York
         July 16, 2018

_____
Michael A. Fischbein, ESQ.

{00067480:}